Cabell, J.
concurred in opinion, that the judgements of the circuit court were erroneous.
In the three first cases, judgements of the circuit court reversed, and those of the county court affirmed—in the last case, judgement of the circuit court reversed, and judgement entered to amend the record of the office judgement, and to quash the execution and proceedings thereon.* *322 it a judgement against John Rose and Garland only; and the court ordered yie amendment accordingly. And then, Marx, the appellee, moved this court for a rule to dismiss the appeal, unless another and a proper appeal gj]0Ui,j t,e given by the appellant,—upon the ground, that as the condition of the appeal bond taken in the circuit court of law, recited the judgement as one against three defendants, when in truth it was a judgement against only two, the bond was therefore naught, and no suit could be maintained on it, in case the judgement should be affirmed.
In the argument of this motion, by Johnson for the appellee, and Stanard for the appellant, two points were made: 1. Whether the error in the judgement was a clerical one, such as the circuit court of law, if it still existed, would have been competent to amend, on motion, at a term subsequent to that at which it was entered ? and 2. Whether, since the new organization of the judicial system, by the statute of April 1831, Sess. Acts of 1830-31, eh. 11. p. 42. it was competent for the circuit superiour court of law and chancery, to amend such an error in the entry of a judgement of the former circuit court of law ?
Tucker, P. The judgement in the court below, in this case, having been corrected upon motion, in a point in which it was confessedly erroneous, and that correction producing a variance between the judgement as amended and the recital of the judgement in the appeal bond, it is apprehended there would be a fatal objection to a recovery upon the bond. That it would be so, there is no doubt. The counsel for the appellee, therefore, considering tire appeal as now depending without an appeal bond, in effect, asks a rule to dismiss the appeal, unless the appellant shall enter into a new bond corresponding with the judgement as it now stands amended. To this rule various objections have been presented..
1. It is denied, that the present circuit superiour court of law and chancery had jurisdiction to amend any error, upon motion, in the judgement of the former circuit court of law. We cannot accede to this opinion. The statute of 1830-31, ch. 11. § 55. Sess. Acts, p. 60. provides, that all judgements of the former circuit courts of law, which remain wholly or in part unexecuted, shall be executed by the respective circuit superiour courts of those counties wherein the court was held, by which the same may have been rendered. The present circuit superiour court, then, has jurisdiction to proceed to execute this yet unexecuted judgement. It has jurisdiction over the case. It would be going far to say, that it has the power to execute the said judgement, on the part of the plaintiff, and yet it is without jurisdiction to act upon that judgement, as justice requires, on the part of the defendant. The jurisdiction to execute the judgement, carries with it the right to exercise the accustomed powers of the court over the judgement, in adjusting the rights of the parties. But again: The new courts are invested with jurisdiction over all causes arising within their respective jurisdictions, which were cognizable in the circuit courts of law formerly existing. Id. § 23. p. 48. Now, the former circuit courts of law had jurisdiction to correct this error, if it was a clerical error, upon *323 motion. Therefore, the present court has that power. Nay more; upon the attempt of the plaintiff to enforce this judgement, a cause of action would at, once arise on the part of the defendants, to correct any error in it by the ordinary means of a motion or writ of error coram nobis. We think, therefore, there is no doubt on this point.
2. It is said, this is not a clerical error, and, therefore, the circuit superiour court of law and chancery had not a right to correct it; and if so, that we must consider it as if it had been corrected, and then the bond will not vary from the judgement, and so no new bond will be necessary. Tho line of distinction is not very clearly marked, between clerical errors and errors in the judgement of the court; nor will the court, in this case attempt to define it. The court is of opinion, upon an inspection of this record, that the error here must be considered as clerical. The writ as to Gustavus Rose had been returned no inhabitant; and the suit was therefore abated as to him. The declaration was indeed against all three, but all the proceedings were, as they ought to have been, against the two on which the writ was returned executed. They only gave bail; they only could plead; they only did plead; the issue was joined as to them only; the verdict was against them only. Then eame the erroneous entry of the judgement ; in which the name of Gustavus Rose was inserted, by mistake, in the caption of the entry. His name is not found in the entry itself; yet as the words “ the said defendants” are found there, they refer, in strictness, to tho names in the caption; and herein consisted the error. That this error was not actually in the judgement of the court, cannot be denied; for Gustavus Rose had been out of the cause, ever since the return of the writ, and all the proceedings had been against the other two defendants only. There is nothing to constitute it, technically, an error in the judgement of the court, against the obvious and real state of the facts. The case of Wren v. Thomson, 4 Munf. 380. establishes no such proposition. If we take the facts of that case,—not as the statement of the reporter gives them, but as the court considered them (however erroneously), there could be no doubt the error there, was not clerical. The court said “ the facts in the record prove that the appellant was a defendant in both actions. The declarations include him as a defendant in the suits. The record states that he appeared by counsel and pleaded: the recognizance of special bail includes him, and it cannot be presumed without his consent; the judgements of the court include him;” for' the judgements were against the defendants expressly, in the plural number, which must have included the appellant, as there was only one other party besides himself. It is very true, that as to one of the cases, the court seems to have mistaken the facts, if the reporter has not grossly misstated them; for he says, that, in that case, there was no plea filed or appearance entered, except that the defendant on whom the writ was executed in proper person came and acknowledged the plaintiff's action; which could not have justified the judgement against the other, on whom it was ordered not to be served; Ward v. Johnson, 1 Munf. 45. But the law of the case taken upon the state of facts supposed by the court, was doubtless settled very correctly. It presented a matter for correction by writ of error in la w, not by motion or writ of error coram nobis.
*324 The correction, of the error, in the present case, having thus been reguiar¡ an(j the appeal bond thereby vacated, because it does not now correapond with the existing judgement, the question is, What is no w to be done ? j ]jave jla(j gtr0I1g doubts, and still have, whether we ought to take up the case piecemeal, and decide upon the character of this entry before we look into the whole record. If that were so, then there could be no new appeal bond required, until the court was ready to pronounce upon the whole case, and then it would be unnecessary, and tjie requisition frivolous. But my brethren are of opinion, that the question presented by this motion, should be decided before we take up the whole case. Acquiescing (though with strong doubts) in this, it follows, that another appeal bond must be given. At present there is no bond, and the appellant cannot have a right to taire the chances of success, and indeed of delay, without giving the assurance required by law, of his performing the judgement of this court.
As to the form of the bond, there is no difficulty. It must recite, that the party had appealed from the judgement as it now stands amended, and must bind him to prosecute his appeal with effect and pay the condemnation of the court in case of affirmance; precisely as he would do, if the appeal were not now for the first time granted. Thus, he will be liable to damages, I conceive, not only from the date of such bond, but from the time of his original appeal. For, if it should turn out that there is no other error than that of form which has been corrected, the law prescribes, that the judgement shall be affirmed; and that affirmance must be attended by the usual consequences,—costs and damages. And this is precisely in conformity with the design of the statute, which intended to discourage expensive appeals to this court where the party might have had redress in the court below. But if substantial error appears, then the reversal of the judgement will absolve the party from the damages and costs.
The rule is to be made absolute—allowing the appellant reasonable time to execute and file the new appeal bond.

 The case of Garland v. Marx, (referred to in the argument of this ease) ruled March 1832, was thus: Debt, in the circuit court of law of Amherst (under the statute concerning foreign bills of exchange, 1 Rev. Code, ch. 326. § 2. p. 485. and the act of incorporation of the Farmers bank, 2 Id. ch. 196. § 15. clause 13. p. 196.) by Joseph Marx against Gustavus Rose, the maker, and John Hose and David Garland, the indorsers, of a promissory note negotiable at the Farmers bank, for 2130 dollars. The capias was returned executed on John Rose and Garland, but as to Gustavus Rose that he was no inhabitant; whereupon it was ordered that the suit should abate as to him. The declaration was as usual, against all throe defendants, but the proceedings were only against the two on whom the process had been served. These two defendants appeared and pleaded to issue, and there was a verdict and judgement for the plaintiff'; but in the caption of the judgement entered in the order book, the case, through inadvertence, was stated as one between Joseph Marx, plaintiff, and Gustavus Rose, John Rose and David Garland, defendants; so that the judgement appeared in the entry as a judgement against all three defendants, though the suit had abated as to Gustavus Rose. Garland appealed from the judgement, and gave an appeal bond, the condition of which recited the judgement according to its caption in the order book, as one against Gustavus Rose, John Rose and David Garland. While the appeal was pending in this court, Marx moved the circuit superiour court of law and chancery of Amherst, to correct and amend the entry of the judgement, so as to make